MARY STONE & another *v.* THE CITY OF CAMBRIDGE.

An order of the mayor and aldermen of a city, for the laying out and establishing of a highway, having described the same as "delineated on a plan now before this board," it was held, that the laying out was sufficiently certain; that the limits of the highway might be proved by reference to the plan; and that parol evidence was admissible to show, that a plan produced from the custody of the city clerk was the plan before the board when the order for laying out was made.

THIS was an action of trespass for breaking the plaintiffs' close, to which the defendants pleaded the general issue, and specified, in defence, that the place in question was a public highway in the city of Cambridge, called Oxford street.

At the trial before *Byington,* J., in the court of common pleas, the defendants offered in evidence the following extracts from the records of the city of Cambridge : —

" Wednesday, August 11th, 1847, at 3 o'clock P. M., the mayor and aldermen met in ward one by special assignment. Present, the mayor, and aldermen Hastings, Wood, and Saunders.   Ordered, that Oxford street, as delineated on *a plan now before this board,* be and the same is hereby laid out and established as a public highway, from Kirkland street to a private way called Everett street; said Oxford street to be fifty feet in width through its whole extent, between the points before mentioned."

This order was concurred in by the common council, at a meeting held on the 12th of October, 1847.

The defendants also offered in evidence a plan of Oxford street, Kirkland street, and Everett street, embracing the *locus in quo* and the surrounding lands and buildings.   This plan had upon it a certificate in the handwriting of the city clerk, signed by him, and bearing date the 11th of August, 1847.

The plaintiff objected to the admission of the plan in evi

dence, on the ground that it did not appear by the records of the location of Oxford street, that this was the plan which was before the mayor and aldermen at the time of such location; but he admitted that the defendant could prove, if parol evidence was competent for that purpose, that the plan offered was the plan referred to in the record; that the certificate of the city clerk thereon was made by him, at or about the time that it purported to have been made; that the plan was placed on file in the city clerk's office, where it had ever since remained; and that by means of the same, a competent surveyor could ascertain the location and boundaries of Oxford street, on the land, as laid out, with reasonable certainty.

The presiding judge ruled, that parol evidence was admissible to identify the plan, and to show that it was the plan, which was before the city authorities at the time of the location of the said Oxford street, and referred to in the record of the same.

The jury returned a verdict for the defendants, and the plaintiffs excepted.

*B. F. Jacobs,* for the plaintiffs, cited Rev. Sts. *c.* 24, § 69, *Commonwealth* v. *Merrick,* 2 Mass. 529; *Boston* v. *Brazer,* .11 Mass. 447; *Hinckley* v. *Hastings,* 2 Pick. 162; *Hicks* v. *Fish,* 4 Mason, 310; *Beardslee* v. *French,* 7 Conn. 125.

*E. Buttrick,* for the defendants.

SHAW, C. J. This is an action of trespass *quare clausum,* in which the only question is, whether the *locus in quo* has been legally laid out as a highway in Cambridge, called Oxford street. The order made by the mayor and aldermen, and afterwards confirmed by the common council, stated the *termini,* from Kirkland street to Everett street, and the width, fifty feet, " as delineated on a plan now before this board."

It is difficult to appreciate the force of the plaintiffs' objections, either to the proceedings of the mayor and aldermen, or to the mode of proving them. The first is, that the proceedings themselves are void for uncertainty. This depends upon the very question, whether there was any plan before the board, which can now be identified and authenticated, on which Oxford street, between Kirkland and Everett streets, is delineated.

If so, *id certum est quod certum reddi potest.* It is a familiar rule, in constant practice, in its application to deeds, grants, locations, and other written documents, that the length and directions of lines, their curves, angles, and changes, may be proved by a chart, plan, or survey, annexed or definitely referred to. It is true, that the plan may be, and sometimes is, indorsed or annexed; but this cannot always be done, and often it cannot with convenience. In such cases, the plan must be proved, like other matters of locality in the descriptive part of the document, by evidence *aliunde* establishing its identity and authenticity.

This leads us to the other question, the competency of the evidence offered on the trial. On this point, it appears to us, that when a plan or survey is not indorsed or annexed, it is used as matter of description, and like monuments, abuttals, and other localities, called for or mentioned in the description, must be proved by evidence *aliunde*, and often and generally by parol evidence. If a tree, a house, a rock, or a well, is thus referred to, such object must be identified by parol evidence. If the mayor and aldermen of Cambridge had had occasion to make the " Washington elm " one of these calls, though that is a tree almost known to history, and with which all who are conversant with the localities are familiar, yet on a trial, touching this location, parol evidence must be given to identify it, and distinguish it from other elms on Cambridge common. The same rule applies to a chart or plan. It may be an old plan, well known, or deposited in some public office for general use, or recorded in the registry of deeds. The proof, then, whatever be its character, must be such as to identify it, and prove it to be the plan mentioned and called for in the location. Where, as in the present case, a plan of corresponding date, verified by the recording officer of the city, and deposited in its archives, is produced, it would seem to be part of the proceedings. The objection is, that the order laying out the street, and referring to a plan, does not refer to this particular plan, because it does not describe it as a plan filed or to be filed in their office. But it refers to it by another designation, quite as susceptible of proof, namely, " a plan now before this

board." Had it been signed by the whole board, this might have added to the weight, but would not have changed the character of the proof. The court are of opinion, that the evidence was competent and rightly admitted by the judge, and the exceptions are overruled.

*Judgment on the verdict*